UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELAINE L. CHAO, Secretary of Labor, )
United States Department of Labor, )
                                       )
                Plaintiff, )
                                         )
                v. )         **06CV2555**
                                         )
CHICAGO REGIONAL COUNCIL OF )    **JUDGE KENNELLY**
CARPENTERS, )    **MAG. SCHENKIER**
                                         )
                Defendant. )

## COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor alleges as follows:

### Nature of the Action

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure

Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519, *et seq.*, 29 U.S.C. §§ 481-84

(LMRDA or Act) for a judgment declaring that the July 9, 2005 election by acclamation conducted

by the Chicago Regional Council of Carpenters (Defendant or CRC), United Brotherhood of

Carpenters and Joiners of America, for the offices of President/ Executive Secretary-Treasurer, First

Vice President, Second Vice President, Warden, Conductor, three Trustees, and three Regional

Council Business Representatives, is void, directing Defendant to conduct new nominations and an

election for these offices, including new nominations and election of delegates for all 42 locals under

the Defendant's jurisdiction, under Plaintiff's supervision, and for other appropriate relief.

## Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## Parties

4. Plaintiff Elaine L. Chao is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 12 East Erie Street, City of Chicago, County of Cook, State of Illinois.

## Factual Allegations

6. Defendant is, and at all times relevant to this action has been, an intermediate labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(d) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(d)).

7. Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the United Brotherhood of Carpenters and Joiners of America, hereinafter referred to as the International, an international labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act (29 U.S.C. §§ 402(i) and 402(j)).

8. Defendant, purporting to act pursuant to its By-Laws and the International's Constitution, conducted an election of officers on July 9, 2005, which election was won by acclamation, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-483).

2

9. By undated letter to the International General President, received August 5, 2005, Thomas Bors, Jeff Fearon, Mike Sabo, and Steve Wilson, protested the July 9, 2005 election by acclamation.

10. Having invoked the internal remedies available for three calendar months without receiving a final decision, Thomas Bors, Jeff Fearon, Mike Sabo, and Steve Wilson, filed individual, timely complaints with the Secretary of Labor received on November 21, 2005, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

11. By undated letter addressed to the International General President, received August 5, 2005, James Armstrong protested the July 9, 2005 election by acclamation.

12. Having invoked the internal remedies available for three calendar months without receiving a final decision, James Armstrong, filed a timely complaint with the Secretary of Labor received on November 22, 2005, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

13. By a series of letters dated November, 23, 2005, December 15, 2005, March 7, 2006, April 21, 2006, and April 20, 2006, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election would be extended to February 24, 2006, March 27, 2006, April 24, 2006, and May 8, 2006, respectively.

14. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-483) had occurred during Defendant's July 9, 2005 election by acclamation; and (2) that such violations had not been remedied at the time of the institution of this action.

3

## Cause of Action

15.     (a)     Section 401(e) of the Act, 29 U.S.C. § 481(e), applicable to delegate elections, was violated during the conduct of the aforesaid election by acclamation when members were denied a reasonable opportunity to nominate and to be nominated as delegates because of an unreasonable candidacy qualification which required nominees for CRC offices to have served as a delegate for three successive years prior to nominations in order to qualify for CRC office.

(b)     Section 401(d) of the Act, 29 U.S.C. 481(d), was violated during the conduct of the aforesaid election in that not all delegates participating in Defendant's (CRC) July 9, 2005 nominations and election by acclamation were elected by secret ballot by members of the locals they represent;

16. The violations of sections 401(e) and 401(d) of the Act, 29 U.S.C. §§ 481(e) and 481(d), may have affected the outcome of the Defendant election for the offices of President/ Executive Secretary-Treasurer, First Vice President, Second Vice President, Warden, Conductor, three Trustees, and three Regional Council Business Representatives.

## Prayer for Relief

WHEREFORE, plaintiff prays for judgment:

(a) declaring Defendant's election for the offices of President/ Executive Secretary-Treasurer, First Vice President, Second Vice President, Warden, Conductor, three Trustees, and three Regional Council Business Representatives, null and void;

(b) directing Defendant to conduct new nominations and a new election for those offices, including new nominations and election of delegates for all 42 locals under Defendant's jurisdiction, under the supervision of Plaintiff;

(c) for the costs of this action; and

4

(d) for such other relief as may be appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PATRICK FITZGERALD
United States Attorney

By:

CRAIG A. OSWALD
Assistant United States Attorney
Civil Division
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
(312) 353-5300

OF COUNSEL:

Attorneys for Plaintiff

HOWARD M. RADZELY
Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor
Civil Rights and Labor-Management Division

ALEXANDRA A. TSIROS
Counsel for Advice

JOAN E. GESTRIN
Regional Solicitor

SHIREEN M. McQUADE
Attorney

U.S. Department of Labor