# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | ) ) ) ) Civil Action 06CV2555 |
| Plaintiff, | ) ) Judge Kennelly |
| v. | ) ) |
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, | ) ) ) |
| Defendant. | ) ) |

## STIPULATION OF SETTLEMENT AND ORDER

The plaintiff, Elaine Chao, Secretary of Labor, United States Department of Labor ("plaintiff" or the "Secretary") and the defendant, Chicago Regional Council of Carpenters ("defendant" or "CRC"), through their undersigned counsel, hereby stipulate and agree to the settlement of this action and to entry of an order in accordance with the terms and conditions set forth below. Entry of this stipulation does not constitute an admission by the defendant of the violations alleged in the complaint.

1.  On May 8, 2006, the Secretary filed a complaint pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959, (hereinafter referred to as the "Act") (29 U.S.C. 481 et seq.), seeking an order declaring the defendant's July 9, 2005, election conducted by the CRC for the offices of President/Executive Secretary-Treasurer, First Vice President, Second Vice President, Warden, Conductor, three Trustees and three Regional Council Business Representatives to be void and ordering the defendant to conduct new nominations and an election for these offices, including new nominations and elections of

delegates for all 42 locals (the "constituent locals") within the defendant's jurisdiction, under Plaintiff's supervision and for other appropriate relief.

2. The plaintiff and the defendant hereby agree to entry of an order declaring the July 9, 2005, election for the above mentioned offices of the CRC to be void and requiring the defendant to conduct a new election for the above referenced officers under the supervision of the Secretary (hereinafter the "supervised election").

3. Notwithstanding any provision of the constitution and bylaws of the CRC or its constituent locals, any member in good standing of any of the constituent locals who satisfies the requirements of Section 31D of the International Constitution will be eligible to run for office in the supervised election of CRC officers. Provisions will be made to permit the nomination and election of members, otherwise eligible under Section 31D, to officer positions in the CRC, whether or not they are present at the nominations meeting.

4. Notwithstanding any provision of the constitution and bylaws of the CRC or its constituent locals, each local shall be entitled to the number of delegates provided for by the constitution and bylaws of the CRC, regardless of whether a previously elected delegate held an elected office of the CRC. Where a previously elected delegate currently holds an office in the CRC, that delegate slot shall be considered vacant, subject to the provisions of paragraph 5 hereof.

5. Notwithstanding any provision of the constitution and bylaws of the CRC or its constituent locals, prior to the aforementioned supervised election of CRC officers, any of the constituent locals which had a delegate who had been elected to a CRC office, will hold an election under the supervision of the Secretary to fill any vacancy resulting from the holding of an office by a delegate from such local union, unless that local union has already conducted an

election to fill that vacancy. Further, if any local has a vacancy in a delegate position for any other reason, the local union will hold an election under the supervision of the Secretary to fill that vacancy.

  (a) Nominations and elections for the aforementioned offices of the CRC shall be conducted under the supervision of the plaintiff within six months of the entry of this stipulation or as soon thereafter as is deemed practicable by the plaintiff. The nominations and elections shall be conducted in accordance with Title IV of the Act (29 U.S.C. Sec. 481 <u>et seq</u>.), the provisions of this Stipulation, and, insofar as lawful and practicable, in accordance with the constitution and bylaws of the CRC and its constituent locals.

  (b) Where delegates have been previously elected or vacancies previously filled, the Secretary shall satisfy herself as to the eligibility of such delegates both as to individual qualifications and as to the procedure under which they were elected. The CRC will provide documentation supporting the eligibility of each delegate and the election of such delegates.

  (c) If the Secretary finds reason to question the eligibility of an individual delegate or the procedure under which he was elected, the Secretary may, in her discretion, run a new election under her supervision for such delegate or delegates.

  6. All decisions as to the interpretation or application of Title IV of the Act, this Stipulation and the constitution and bylaws of the CRC and its constituent locals relating to the supervised elections of officers and where necessary, delegates, and nominations therefore are to be determined by the Secretary, and her decisions shall be final, subject to review by the court in accordance with the standard set forth in <u>Donovan v. Local 998, ATU</u>, 570 F.Supp. 716 (E.D. Wisc. 1983).

  7. This Court shall retain jurisdiction of this action. After completion of the election, the plaintiff shall certify to the Court the names of the persons elected to each office and certify that the election was conducted in accordance with Title IV of the Act, the provisions of this

Stipulation and, insofar as lawful and practicable, the constitution and bylaws of the CRC and its constituent locals. The duly certified elected officers shall serve until the next regularly scheduled election following the subject elections in accordance with constitution and bylaws of the CRC. Upon approval of such certification, the Court shall enter an Order declaring that such persons have been elected.

Each party hereby agrees to bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date.

Dated this \_\_\_\_ day of \_\_\_\_\_, _____

_____
United States District Judge

**CHICAGO REGIONAL COUNSEL OF CARPENTERS,**
          Defendant,

/s Travis J. Ketterman
**TRAVIS J. KETTERMAN**
Attorney for Defendant
Whitfield & McGann
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312)251-9700
ARDC # 6237433

**PATRICK FITZGERALD**
United States Attorney
**CRAIG A. OSWALD**
Assistant United States Attorney

**HOWARD M. RADZELY**
Solicitor of Labor

**JOAN E. GESTRIN**
Regional Solicitor

s/ Leonard A. Grossman
**LEONARD A. GROSSMAN**,
Attorney
Attorneys for **ELAINE. L. CHAO**
Secretary of Labor,
United States Department of Labor, Plaintiff

Office of the Solicitor
U.S. Department of Labor
230 South Dearborn St., Rm.. 844
Chicago, IL 60604
Telephone: 312/353-5709