**U.S. Department of Labor**     Employment Standards Administration
Office of Labor-Management Standards
Washington, DC 20210



October 25, 2007

Mr. Gregg Johnson
P.O. Box 887201
Wasilla, Alaska 99687

Dear Mr. Johnson:

This Statement of Reasons is in response to your complaint dated October 8, 2006, filed with the Department of Labor (Department) pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended (LMRDA), 29 U.S.C. §§ 481-484. Your complaint relates to a July 21, 2006 election of officers of the Alaska Regional Council (ARCC) of the United Brotherhood of Carpenters and Joiners (UBCJ) conducted by delegate vote. The Department conducted an investigation of your complaint. As a result of that investigation, the Department has concluded that there was no violation of the LMRDA.

You alleged that you and other non-delegates did not receive notice of the change in the election date. You believe that the lack of notice deprived you of the opportunity to be nominated and to run for office. Our investigation confirms that you did not receive a mailed notice of this election, as you have alleged. However, neither the LMRDA nor the ARCC constitution and bylaws require such notice to non-delegate, non-voting members such as you in this situation.

Section 401(e) of the LMRDA provides that in any election required by the LMRDA to be held by secret ballot, notice of the election must be mailed to each member at his last known home address at least 15 days prior to the election. *See* 29 U.S.C. §481(e). The investigation revealed that the delegate election conducted by ARCC was not required by the LMRDA to be held by secret ballot. ARCC is an intermediate body. Section 401(d) of the LMRDA provides that intermediate bodies may hold officer elections by vote of delegates who have been elected by secret ballot vote of the membership. See 29 U.S.C. § 481(d). The LMRDA requires the election of delegates who will vote for officers at convention to be held by secret ballot, but does not require that the election in which the delegates participate be held by secret ballot. Consequently, the election by the delegates is not subject to the notice provisions of section 401(e). There was no violation of the Act.

The LMRDA does provide that when officers are chosen by a convention of delegates elected by secret ballot, the convention shall be conducted in accordance with constitution and bylaws of the labor organization. *See* 28 U.S.C. § 481(f). The ARCC constitution does not provide for notice to non-delegates. Section 5(C) of the ARCC bylaws provides that:

> It is compulsory that the Executive Secretary-Treasurer of the Council notify *these Delegates* by mail that the nominations and elections of the Council officers will be held at the regular Council meeting in August (emphasis added).

The above-cited provision requires that notice be given to the delegates but does not require that notice be given to the general membership. You do not question the appropriateness of the notice given to the voting delegates, and the investigation confirmed that delegates received proper notice of the ARCC officer election. Moreover, the investigation revealed that general members, although not owed notice of the election, in fact, received notice of the specific date of the election/nomination meeting, through the posting of such a notice on the UBCJ/ARCC website and by announcement at the March 7, 2006 general membership meeting. For these reasons, there was no violation of the LMRDA in failing to provide you with notice of the specific date of the nomination/election. There was no violation of the ARCC constitution and bylaws with regard to notice.

Our investigation confirmed that the ARCC constitution and bylaws do state that the ARCC election is to be held in August. ARCC did not comply with its bylaws as the election was held on July 21. However, we conclude that holding the election on July 21, contrary to the August election specified in the bylaws, did not affect the outcome of the election. Delegates received proper notice of the date of the election.

For the forgoing reasons, the Department concludes that there was no violation of the LMRDA that affected the outcome of the election, and I have closed the file in this matter.

Sincerely,

*Patricia Fox*

Patricia Fox, Acting Chief
Division of Enforcement

cc:     Douglas McCarron, General President
        United Brotherhood of Carpenters and Joiners of America
        101 Constitution Avenue NW
        Washington, DC 20001

        John Palmatier, Executive Secretary-Treasurer
        Alaska Regional Council of Carpenters
        407 Denali Street, Suite 100
        Anchorage, Alaska 99501

        Katherine Bissell, Associate Solicitor for Civil Rights and Labor-Management

bcc:   SEADO     DIS    File:  540-08025(02)
ESA/OLMS/DOE//FPB N-5119//

| Initials | *PF* | *PF* | | | |
|---|---|---|---|---|---|
| Date | 10/25/07 | 10/25/07 | | | |
| Last Name | SBB | FOX | | | |
| Office Symbol | DOE | DOE Chief | | | |

Case String: 5400802502  LM: 001486

# U. S. DEPARTMENT OF LABOR

### LABOR-MANAGEMENT SERVICES ADMINISTRATION

# OFFICE OF LABOR-MANAGEMENT STANDARDS ENFORCEMENT

## LMRDA INTERPRETATIVE MANUAL

445.450

VOTING - INTERMEDIATE BODIES, contd.

445.450  contd.

elected from among only those dele-
gates who are qualified to vote.

445.500  MEMBER'S RIGHTS, UNDER
401(e) REFERS TO INDI-
VIDUALS, NOT LABOR UNITS

Section 401(e) applies to elec-
tions required by Title IV which
are to be held by secret ballot.
From the context of the provision
it is evident that the secret bal-
lot elections referred to are those
conducted among individual members
of the labor organization, and does
not include elections held by vote
of delegates or representatives of
such members as provided for by
subsections 401(a) and (d). While
the local unions comprising the
Council are undoubtedly "members"
of the Council in a broad sense, it
is clear from the nature of the
rights granted by section 401(e)
that such constituent units of a
labor organization are not entitled
as distinct entities to the rights
(or subject to the limitations)
contained in this provision per-
taining to "members." The rela-
tionship between the constituent
locals and the Council is not the
kind of membership referred to in
this provision. This section was
intended to apply only to individ-
ual members of a labor organization,
not to component or subsidiary or-
ganizations as such. Therefore,
the provision in section 401(e)
guaranteeing members the right to
one vote would not, apply to elec-
tions by vote of delegates in labor
organizations which are permitted
to elect officers in this manner.

445.600  VOTE BY SHOW OF HANDS
AT CONVENTION:  ELECTION
BY ACCLAMATION

Where the delegates to a conven-
tion of an intermediate body have
been elected by secret ballot among
the membership of its respective
units of locals, and provided such
procedures are included in the con-
stitution and bylaws of the inter-
mediate body, the officers of that
body may be elected by voice vote
or by a show of hands of the dele-
gates, and a secret ballot is not
required. In the event only one
candidate is nominated for an of-
fice of the intermediate body, it
is permissible, under these condi-
tions, for the nominee to be elect-
ed by acclamation or by a motion
authorizing the Convention Chair-
man to cast a unanimous vote of the
delegates present.

441.500

441.500  contd.

construe the Act to require another 15-day notification period.

441.600  FIFTEEN DAYS NOTICE NOT
REQUIRED WHEN OFFICERS
CHOSEN BY CONVENTION OF
DELEGATES

The Act's requirement that mailed notice be sent to each member at his last known home address not less than 15 days prior to the election applies only to elections required by section 401 to be held by secret ballot.

441.700  NOTICE OF PROPOSED CHANGE
IN CONSTITUTION

The 15-day election notice provision in Title IV would not apply to an election held for the purpose of changing the constitution and bylaws of a local organization.

2/70